## THE AMERICAN LEGION SPRINGFIELD POST No. 40 *v.* DEPARTMENT OF REVENUE

Jack B. Lively, Sanders, Lively & Wiswall, Springfield, represented plaintiff.

Glen V. Sorensen, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered December 23, 1974.

CARLISLE B. ROBERTS, Judge.

The plaintiff, claiming exemption under ORS 307.-136, has appealed from the Department of Revenue's Order No. VL 74-86, dated March 20, 1974. The defendant's order affirmed the Lane County Department of Assessment and Taxation's assessment for the tax year 1973-1974 of a portion of certain real property referred to as Assessor's Account No. 1054855, Code 19-00.

The plaintiff is the owner of a parcel of improved property in the City of Springfield, Oregon, located at the corner of C Street and 8th Street, measuring 119 feet on 8th Street and 128 feet on C Street. The parcel is divided into two tax lots, each measuring 64 by 119 feet. Tax Lot 11500, lying closer to the corner than Tax Lot 11600, includes the American Legion Hall, a single-story structure measuring approximately 103 by 40 feet. On the contiguous Tax Lot 11600 is a one-story wooden residential structure designated as the "caretaker's house," measuring approximately 34 by 24 feet. Three feet from the back of this structure is a garage measuring 16 by 22.5 feet. The rest of the lot is used for parking.

As part of the charitable activity required for tax exemption purposes by ORS 307.134(1)(c) during the tax year in question, 1973-1974, the plaintiff owned three wheelchairs and three hospital beds and some commodes which were normally stored in the garage and loaned without charge to people requesting their use. The Director of the Department of Assessment and Taxation deemed the site of the Legion Hall and the building, Tax Lot 11500, and the garage and one-half of the land of Tax Lot 11600 as exempt from property taxes within the provisions of ORS 307.134 and 307.136, but denied exemption to the caretaker's house and the half of Tax Lot 11600 on which it stands. It is this exclusion from exemption which has been appealed.

Plaintiff's testimony shows that the present care-taker on the premises had worked for the plaintiff for three years. He cleans the Legion building, mows lawns, and makes minor repairs. He provides 24-hour service in connection with the loan of the beds and wheelchairs, taking telephoned requests and determin-

ing "who is worthy" to use the equipment without charge. A witness for the plaintiff testified that most of the requests for the equipment come between the hours of 8 and 12 p.m., and that during the last three years, the stock of beds and chairs had increased from one each to three each.

The caretaker also serves as a protection against vandalism. The wooden lodge building, constructed in 1947 or 1948, is vulnerable and its doors have been forced twice in the last three or four years, the pay telephone and the soft drink machine within the building being damaged and robbed.

The caretaker receives no monetary stipend but has the use of the caretaker's house together with necessary electricity, gas, and garbage removal. When the caretaker goes on vacation, a watch list of legionnaires is set up to serve in his place.

The Exemption Clerk for the Lane County Department of Assessment and Taxation for the last 23 years testified on behalf of the defendant. She had approved the exemption of the garage property as a storage place for the equipment used in the charitable work of the plaintiff but, after study, she had concluded that the residential property was not "actually occupied or used in fraternal or lodge work or for entertainment and recreational purposes" as required by ORS 307.-136. She pointed out that she recognized this to be a matter of judgment which must be based upon a consideration of typical factual situations which could vary greatly from case to case. Thereupon, she made a study of the practices of other fraternal organizations in the same or similar circumstances. She found that other organizations doing similar charitable work required no caretaker or 24-hour service. It was evi-

dent that she deemed living quarters as exempt only if they could be shown to be essential to the charitable work or for the protection of the organization; she could not accept living quarters per se as being "actually occupied or used in fraternal or lodge work or for entertainment and recreational purposes."

The Lane County Exemption Clerk testified that if an exempt organization was so remotely situated that it could not be observed by normal police patrols and was subjected to a high risk of vandalism, then the factual situation might be such that the property would require an on-site caretaker for the protection of the organization's facilities, charitable and otherwise. The exemption of the caretaker's residence in such situations has also been recognized by the Department of Revenue in its published tax law abstract PTL (Vol XVII, No 3), 307.130; OF 1731-V; Order No. VL 74-279; 6-12-74; but, in her judgment, the circumstances in this case were not so severe as to require a 24-hour caretaker to prevent vandalism.

A study of the evidence leads the court to conclude that the charitable work of the plaintiff described in the testimony did not require the services of an employee for 24 hours per day and that the problem of vandalism was relatively small, even minimal. The court concludes that the chief use of the residential property by the plaintiff was as a medium of exchange in hiring and retaining the services of a janitor and custodian and that the residence was not actually used in fraternal or lodge work or for entertainment and recreational purposes. The plaintiff has failed to sustain the burden of proof by a preponderance of the evidence. ORS 305.427.

The order of the defendant is affirmed.